Law Court on defendant's exception to the refusal of the court to direct a verdict in his favor, and on a general motion, the same question being involved in both. The issue was one of fact.

The evidence is very contradictory and the inferences to be naturally drawn therefrom vary according to the view-point. It is not improbable that this court, if it had been the original tribunal, might have reached a different result. Much depended upon the appearance of the witnesses. Without discussing the evidence in detail, all of which has been carefully examined and considered, it is sufficient to say that the verdict does not seem to us to be manifestly wrong. The testimony for the plaintiff, if believed, is sufficient to sustain it. Motion and exception overruled. *Henry N. Taylor and John J. Devine,* for plaintiff. *Clifford E. McGlauflin,* for defendant.

---

STATE OF MAINE *vs.* WILFRED MATHON, Appellant.

Androscoggin County. Decided March 20, 1924. This prosecution for the alleged operation of an automobile by the respondent while under the influence of intoxicating liquor, under Public Laws, 1921, Chap. 211, Sec. 74, was begun by complaint in a Municipal Court and thence by appeal to the Superior Court of Androscoggin County, where a verdict of guilty was rendered. The respondent filed exceptions to certain instructions of the presiding Justice as to what constitutes the operation of a car, and the case is before the Law Court on the exceptions.

This court, however, has held in the very recent case of *State* v. *Vashon,* decided January 17, 1924, that cases under this statute must be brought by indictment and that the Municipal Court, and therefore the Superior Court on appeal had no jurisdiction thereof. It follows that the only disposition that can be made of the case at bar is, Exceptions dismissed. Complaint to be dismissed in the Superior Court. *James A. Pulsifer, County Attorney,* for the State: *Louis J. Brann,* for respondent.